IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:2016-cr-00228 |
| v. | ) | |
| **JURIJS MARTISEVS** | ) | |
| **Defendant** | | |

## NOTICE AND MOTION TO WITHDRAW AS COUNSEL

**COMES NOW** counsel for the defendant and hereby moves this Honorable Court to allow for the withdrawal of undersigned counsel in the above-captioned matter.

The following is submitted for this Honorable Court's consideration of this motion:

1. Mr. Martisevs stands before this court having been indicted for violations of 18 U.S.C. §371 (Conspiracy); 18 U.S.C. §1349 (Conspiracy to Commit Wire Fraud); 18 U.S.C. §1343 & 2 (Wire Fraud & Aiding and Abetting); and 18 U.S.C. §§ 2 & 1030(a)(5)(A) (Computer Intrusion With Intent to Damage & Aiding and Abetting).

2. Shortly after undersigned counsel was retained by Mr. Martisevs, Mr. Martisevs began engaging in a pattern of constant attempts to harm himself and/or commit suicide. Mr. Martisevs has indicated to undersigned counsel his motivations, which are the dominating force behind Mr. Martisevs desire to harm himself and/or commit suicide.

3. As a result of multiple self-inflicted wounding and suicide attempts, Mr. Martisevs was ordered by this Honorable Court to be evaluated for competency. That evaluation was completed by Dr. Allyson N. Wood. While Dr. Wood's final report is expected to be finalized on January 8, 2018, conversations between Dr. Wood and undersigned counsel indicate that Mr. Martisevs is, indeed, competent and intelligent.

4. Considering some of these facts, along with privileged communications, undersigned counsel has contacted the Virginia State Bar and posited the following question:

> I represent a client who is currently in jail awaiting trial. He cannot obtain bond. While he has been in jail, he has now tried to commit suicide at least 3 times and he has been found with contraband (nooses, razor blades) on multiple occasions. His trial date is still six months away. He is being kept on suicide watch but that has not deterred his attempts.
>
> I sincerely fear that, should he succeed in a future suicide attempt, his family will file a wrongful death action against the jail and will join me as a co-defendant in such a lawsuit, possibly alleging that in some way my representation of him was connected with his suicide.
>
> Do my concerns present a conflict of interest which would suggest that I move to withdraw from his case?

5. In response to the question submitted to the Virginia State Bar in paragraph (5) above, the Virginia State Bar has responded:

> Only if you believe that your professional judgment will be impaired/materially limited because of this concern – if your personal interests in avoiding this hypothetical future claim against you will affect your ability to diligently and competently represent the client, then yes, you should withdraw. This is not a per se conflict but essentially a subjective determination that you have to make based on your level of concern about this situation.

6. Based on direct communications, including discussions protected by the attorney-client privilege, with Mr. Martisevs and others, undersigned counsel has concluded that Mr. Martisev's actions and other indications do materially impede undersigned counsel's professional judgement and his ability to diligently and competently represent him in this matter.

7. On January 3, 2018, Mr. Martisevs clearly and unequivocally demanded that undersigned counsel withdraw from his case and cease all forms of legal representation of him in this cause.

8. Mr. Martisevs has irrevocably and irretrievably ceased all substantive communication with undersigned counsel.

9. Additionally, due to Mr. Martisevs' unabated acts of self-inflicted wounding and suicide attempts, the Alexandria Adult Detention Center has given notice that they no longer wish to house Mr. Martisevs. The U.S. Marshalls service has determined that Mr. Martisevs should be housed at an alternative location such as the Northern Neck Regional Jail in Warsaw, Virginia. This alternative location is approximately 100 miles south of Alexandria.

10. While Mr. Martisevs speaks and reads limited English, he requires the assistance of a Russian translator in order to fully comprehend legal concepts and substantively discuss various legal aspects related to his case. Should Mr. Martisevs be removed 100 miles away from the local area, undersigned counsel is of the belief that his ability to provide effective assistance of counsel will be further eliminated. If Mr. Martisevs had been originally housed in such a location at the outset of this case, undersigned counsel would never have agreed to be retained. As this court is aware, a lawyer's professional obligations do not exclusively belong to any single client and must be equally administered to all his clients. With this in

mind, undersigned counsel would have recognized that the geographical distance, alone, would have prohibited the provision of his legal representation to Mr. Martisevs.

11. As Mr. Martisevs is entitled to effective assistance of counsel under the 6th Amendment to the United States Constitution and as undersigned counsel has dutifully investigated this cause and reasonably determined that his ethical duties along with Mr. Martisevs' 6th Amendment protections demand that he request to be withdrawn as counsel, this motion is hereby submitted .

12. It is unknown whether the United States objects to this request.

**WHEREFORE**, Counsel by and for Mr. Martisevs requests of this Honorable Court the following relief:

a. This this court grant this request to withdraw undersigned counsel as Mr. Martisevs' counsel in this case; and

b. Any further relief this court may consider reasonable and just.

Respectfully Submitted,

JURIJS MARTISEVS
By Counsel

_____/s/_____
Eric E. Clingan, Bar #46755
The NoVa Law Firm
3976 Chain Bridge Road
Fairfax, Virginia 22030
Phone: (703) 352-9347
ERIC@THENOVALAWFIRM.COM
COUNSEL FOR JURIJS MARTISEVS

## CERTIFICATE OF SERVICE

I, Eric E. Clingan, Esq., counsel for the Defendant, hereby certify on this 4th day of January, 2018 that I will electronically file the foregoing pleading with

the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kellen S. Dwyer, Assistant United States Attorney at the U.S. Attorney's Office for the Eastern District of Virginia 2100 Jamieson Ave. Alexandria, VA 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/\_\_\_\_

Eric E. Clingan,
Bar #46755
The NoVa Law Firm
3976 Chain Bridge Road
Fairfax, Virginia 22030
Phone: (703) 352-9347
ERIC@THENOVALAWFIRM.COM
COUNSEL FOR JURIJS MARTISEVS