

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JURIJS MARTISEVS,<br>Defendant | Criminal No. 1:16-CR-228<br><br>Hon. Liam O'Grady |

**PLEA AGREEMENT**

Tracy Doherty-McCormick, Acting United States Attorney for the Eastern District of Virginia; Kellen S. Dwyer and Laura Fong, Assistant United States Attorneys; Catherine Alden Pelker, Trial Attorney, U.S. Department of Justice, Criminal Division, Computer Crime & Intellectual Property Section; the defendant, Jurijs Martisevs; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offenses and Maximum Penalties**

The defendant agrees to plead guilty to counts one and four of the indictment charging him with conspiracy, in violation of Title 18, United States Code, Section 371, and Aiding and Abetting Computer Intrusions, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and 2, respectively. The maximum penalties for conspiracy are 5 years of imprisonment; a fine of $250,000; full restitution; forfeiture of any proceeds of the crime; a $100 special assessment; and three years of supervised release. The maximum penalties for computer intrusion in violation of 18 U.S.C. § 1030(a)(5)(A) are 10 years of imprisonment; a fine of $250,000; full restitution; forfeiture of any proceeds of the crime; a $100 special assessment; and three years of supervised release. The defendant understands that the supervised release terms

are in addition to any prison term the defendant may receive, and that a violation of the conditions of supervised release could result in the defendant being returned to prison for the full term of supervised release. The defendant understands that it is within the Court's discretion to order that the sentences imposed for Counts 1 and 4 run consecutively.

### 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5. **Sentencing Recommendation**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

- Section 2B1.1(a)(2) of the Sentencing Guidelines establishes a base offense level of 6;
- Section 2B1.1(b)(2) of the Sentencing Guidelines requires a 2-level enhancement because the offense involved 10 or more victims;

- Section 2B1.1(b)(10) of the Sentencing Guidelines requires a 2-level enhancement because a substantial part of the scheme was committed from outside of the United States and/or because the scheme involved the intentional use of sophisticated means;

- Section 2B1.1(b)(17) of the Sentencing Guidelines requires a 2-level enhancement because the defendant was convicted under 18 U.S.C. § 1030 and the offense involved an intent to obtain personal information;

- Section 2B1.1(b)(18)(A)(ii) of the Sentencing Guidelines requires a 4-level enhancement because the defendant will plead guilty to an offense under 18 U.S.C. § 1030(a)(5)(A);

- Section 3B1.1(a) of the Sentencing Guidelines requires a 4-level enhancement because the defendant was an organizer or leader of criminal activity that involved five or more participants;

- Section 3E1.1 of the Sentencing Guidelines requires a 3-level reduction, provided that the defendant continues clearly to demonstrate acceptance of responsibility for the offense and the Court finds that the offense-level prior to any adjustment for acceptance of responsibility is 16 or higher.

Both parties shall remain free to argue any position with respect the appropriateness of any sentencing enhancement not specified above including, but not limited to, what enhancement, if any, shall apply due to the loss amount. The defendant understands that the Court may not follow the recommendation or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this plea agreement or the guilty plea, regardless of the Court's actions. The defendant is aware that the Court is not bound by the parties' agreements and sentencing recommendation. The defendant is also aware that he

may not withdraw his plea, even if the Court opts not to follow the parties' recommendations.

6.     **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

7.     **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

8.     **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the

United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Restitution**

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The defendant further agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

10. **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or Statement of Facts.

### 11. Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's future immigration status, since the defendant is not a citizen of the United States. Because immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's future immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's inability to obtain citizenship in the United States in the future.

### 12. Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

### 13. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all proceeds he received from his participation in the crimes charged in the indictment, which the United States and the defendant agree amounts to at least $125,769.87. The defendant understands that if proceeds of the offenses are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). In addition, the defendant agrees to forfeit any and all instrumentalities of the crime and any and all property that was used to facilitate the crime, including, but not limited to the following specific property:

7

- One USB drive, labeled "ADATA"
- One Logitech USB drive, found plugged into Martisevs' laptop
- One HP laptop, serial no. CND63893N3
- One Huawei ALE-L02 P8 Lite cell phone

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

14. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,

property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

### 15. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past two years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 16. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice,

        that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.     Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The

defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 17. Nature of the Agreement and Modifications

This written agreement constitutes the plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Tracy Doherty-McCormick
Acting United States Attorney

By: *[signature]*

Kellen S. Dwyer
Laura Fong
Assistant United States Attorneys

Catherine Alden Pelker, Trial Attorney
U.S. Department of Justice, Criminal Division
Computer Crime & Intellectual Property Section

<u>Defendant's Signature</u>: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 3/2/18

_____
Jurijs Martisevs
Defendant

<u>Defense Counsel Signature</u>: I am counsel for Jurijs Martisevs. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 3/2/2018

_____
Alexey Tarasov, Esq.
Counsel for the Defendant